[No. 7,871.—Department One.]

## WILLIAM BECKMAN *v.* E. M. SKAGGS.

Mortgage—Constitutional Law—Taxation—Construction of Covenant.—A mortgage executed before the adoption of the present Constitution provided, in effect, that the mortgagee might pay the taxes upon the land, and that the mortgagor should repay the amounts thus paid, and the mortgage stand as security therefor. The mortgagee paid the taxes on the mortgage for the year 1880; and in an action to foreclose, the Court below refused to award him the sum thus paid.

*Held:* In the year 1880 the mortgage, for the purposes of taxation, was an interest in the land, the taxes upon which the defendant had agreed to pay.

ID. — ID. — ID. — LAW IMPAIRING THE OBLIGATION OF CONTRACTS. — The agreement to pay the whole tax was valid when made; and so to construe the provision of the Constitution that the agreement may not be enforced according to its terms, would be to impair the obligation of a contract.

ID. — ID. — ID. — Section 5, Article viii of the constitution applies only to contracts made after its adoption.

APPEAL from a judgment for the defendant, and from an order denying a new trial in the Superior Court of the County of Sacramento. DENSON, J.

*A. L. Hart*, Attorney General, for Appellant.

The Constitution adopted in 1879 provides that a mortgage \* \* \* shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. The tax levied upon the mortgage interest is also made a "lien" upon the land. (Const., § 4, Art. xii.; Pol. Code, §§ 3627–3650, Amendments 1880.)

The question is whether the above provisions of the Constitution and statute affect mortgages made before their adoption and passage; if so, then whether the effect in the present case would not be to change the contract relations between the parties so as to shift a large portion of the burden of taxation agreed in said mortgage to be assumed by the mortgagor to the mortgagee; whether, in other words, the effect would not be to impair the obligations of the mortgage contract within the meaning of Section 10, Article i, Constitution of the United States.

The clear and unquestionable effect of the change in the system of taxation is to make the mortgagee pay a portion of the tax—levied upon the land as such—which the mortgagor agreed to pay, and to compel the mortgagee to discharge the lien of the tax imposed upon an interest in the land; and it is a matter of slight importance that this tax is imposed upon the mortgagee by changing the name of the property—by calling it a mortgage interest in land. To adopt such a course of changing the burdens of a contract is but an evasion of its terms—is defeating its obligation indirectly, if not directly— is impairing its obligation.

What can not be done directly, can not be done indirectly. The constitution deals with substance, not shadows. Its inhibition was leveled at the thing, not the name. (*Cummings* v. *Missouri*, 4 Wall. 325; *Henderson* v. *Mayor etc.*, 2 Otto, 268; *In re Tiburcio Parrott*, 5 P. C. L. J. 161, and cases there cited; *Murray* v. *Charleston*, 96 U. S. 432; *United States* v. *County Court of Howard County*, 9 Reporter, 734.)

*Dunlap, Van Fleet,* and *Henry Edgerton,* for Respondents.

The mortgagor is not liable to pay the tax levied and assessed upon the mortgage debt.

The mortgage was executed before the adoption of the present constitution. At that time mortgages or debts secured thereby were not subject to taxation.

The constitutional provision declaring mortgages to be an interest in the land mortgaged for the purposes of assessment and taxation simply goes to the extent of attaching the mortgage debt to the lands for the purpose of fastening a lien thereon for the tax upon the mortgage debt. (§ 4, Art. xiii of Constitution of 1879; § 3627, Political Code.)

The manifest intention of the Constitutional Convention was to frame a Constitution that would compel the payment of taxes upon debts secured by mortgages, etc. In other words, to make taxable that which was not before taxable. The effect of provisions of the Constitution cited was the creation for the purposes of revenue of a new species of property.

The present Constitution amounts to an entire revision of the fundamental laws of the State; it makes certain property liable to taxation, which before its adoption had been exempt.

It is not the intention of the present Constitution to take the burden from the mortgagor, and put it upon the mortgagee, but to make the mortgagee's formerly exempt property liable to taxation, and while the mortgagor's burden is *pro tanto* lightened, the Constitution does not, in intention or in fact, impair the obligation of the contract between the parties.

At the time the mortgage in suit was given, mortgages being then unassessable, the parties did not evidently consider the possibility of taxes being laid thereon, and made no contract in relation thereto.

The COURT:

The mortgage sought to be foreclosed, and which was executed before the adoption of the present Constitution, contains the following covenant:

"And it is hereby agreed that it shall be lawful for said mortgagee, or his successors or assigns, to pay at maturity all taxes, liens, or other incumbrances now subsisting or hereafter to be laid or imposed upon said lot of land and premises, and which may be in effect a charge thereupon. * * * And that the said mortgagor will, on demand, repay to the mortgagee in gold coin all sums which may have been paid by the mortgagee to discharge any tax, assessment, or other lien on said premises, * * * and that this mortgage shall stand as security for the repayment to the mortgagee for all sums which he shall have paid for any of the purposes aforesaid."

The defendant having failed to pay the State and county tax upon the mortgage for 1880, plaintiff paid the same, and the Court below refused to award plaintiff the sum thus paid.

In the year 1880, the mortgage, for the purposes of taxation, was an interest in the land, the tax upon which defendant had agreed to pay. (Const., art. xiii, § 4.) The covenant was that defendant should pay the tax upon the full value of the land. Under the present Constitution he is assessed only for the value of the land, less the amount of the mortgage debt. The agreement to pay the whole tax was valid when made, and so to construe the provision of the Constitution as that the agreement may not be enforced according to its terms would be to impair the obligation of the contract. (Const. U. S., art. i, § 10.)

Section 5 of Article xiii of the present State Constitution applies to contracts made *after* its adoption.

Cause remanded with direction to modify the decree in accordance with the views herein expressed.